IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROBERT DANIEL MULLINS,**

    **Petitioner,**

v.                                        **Case No. 2:19-cv-00751**
                                          **Case No. 2:18-cr-00075-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are Movant's Motion for the Appointment of Counsel, Motion for Discovery, and his Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 45, 46, 48). Taking these motions in reverse, Movant's Application to Proceed Without Prepayment of Fees and Costs is **DENIED**, (ECF No. 48), as there is no filing fee with a motion under § 2255. Movant's Motion for Discovery, (ECF No. 46), is likewise **DENIED**, because it is premature. The need for discovery is not yet apparent.

With respect to Movant's Motion for the Appointment of Counsel, (ECF No. 45), the Court **DENIES** the motion for the following reasons. The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in actions brought pursuant to 28 U.S.C. § 2255, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. §

1

1915(e)(1), which states that the appointment of counsel rests within the discretion of the Court. Movant has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claims; (3) the likelihood of success on the merits of the motion; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

From a review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and the accompanying memorandum, (ECF Nos. 43, 44), the undersigned finds that Movant's claims are not unusually complex; Movant has the capability to adequately present his claims; and the need for an evidentiary hearing is not apparent at this time. However, if the complexion of the case changes, or the need for an evidentiary hearing becomes evident, the Court will re-visit the issue of appointment of counsel time.

The Clerk is instructed to provide a copy of this Order to Petitioner and to the United States Attorney for the Southern District of West Virginia.

**ENTERED:** October 23, 2019

Cheryl A. Eifert
United States Magistrate Judge