IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ROBERT DANIEL MULLINS,**

    Movant,

v.                                             Case No. 2:19-cv-00751
                                               Criminal Case No. 2:18-cr-00075-1

**UNITED STATES OF AMERICA,**

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant Robert Daniel Mullins's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 43). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Mullins's motion be denied and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court. Given that the undersigned conclusively **FINDS** that Mullins is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

**I.    Factual and Procedural Background**

The Motion before the Court involves two criminal matters, the first of which was dismissed pursuant to a plea agreement in the second, as discussed below.

1

### A. *Indictment and Dismissal (Case No. 2:18-cr-00047)*

On March 13, 2018, a Grand Jury issued a five-count indictment against Mullins for violations of 18 U.S.C. § § 2251 (d) and (e) and 2252A (a) and (b). (ECF No. 57-1 at 1).[1] Mullins was appointed counsel, Assistant Federal Public Defender David Bungard. *United States v. Mullins*, Case No. 2:18-cr-00047, (S.D.W. Va. Oct. 11, 2018) at ECF No. 7. The charges contained in the indictment were dismissed on October 11, 2018, as part of a plea agreement Mullins reached with the Government in Case No. 2:18-cr-00075. (ECF No. 54-10 at 60).

### B. *Information, Guilty Plea, and Conviction (Case No. 2:18-cr-00075)*

On April 9, 2018, a federal information charged Mullins with conduct in violation of 18 U.S.C. § 2251(a), (e). (ECF No. 1). On April 26, 2018, Mullins waived his right to be charged by indictment and entered into a plea agreement in which he pleaded guilty to the single-count information. (ECF Nos. 8, 9, 10, 11, 31). In exchange for his guilty plea, the Government agreed to dismiss the pending five-count indictment charging Mullins with distribution and advertisement of child pornography. (ECF No. 31). The plea agreement specifically advised Mullins that, under the plea, he faced imprisonment up to 30 years, as well as a fine of $250,000, supervised release ranging from 5 years to life, a mandatory special assessment fine, and an order of restitution. (*Id.* at 2). It also included a Stipulation of Facts, in which Mullins and the Government presented the undisputed factual basis for Mullins's guilty plea. (ECF No. 54-7 at 13–15). Therein, Mullins admitted he had posed a toddler for photographs that depicted Mullins sexually abusing her and sent the photographs to others via the Internet. He had also sent and received child

---

[1] The docket entries cited in this PF&R reference Mullins's criminal case which lead to the conviction that is the subject of this habeas motion: *United States v. Mullins*, No. 2:18-cr-00075-1 (S.D.W. Va. 2018).

2

pornography on other occasions. (*Id.*).

At his plea hearing before this Court, Mullins was found to be fully competent and capable of entering an informed plea. (ECF No. 54-9 at 6). He affirmed that he was "fully satisfied with the legal representation" he had received. (*Id.*). Mullins's counsel certified that he had adequate time to consider defenses and discuss sentencing possibilities with Mullins. (*Id.* at 6–7). Mullins further testified that he had not been forced, coerced, intimidated, or pressured to waive his right to indictment by a grand jury, and the Court found his waiver "knowing and voluntary." (*Id.* at 15–16). Mullins provided a description of his conduct in his own words. (*Id.* at 18–20). The Government also proffered a summary of its investigation and evidence in support of the charges, which Mullins testified were accurate. (*Id.* at 20–23). Based on the parties' statements in court and the Stipulation of Facts in the plea agreement, this Court found a sufficient factual basis for Mullins's guilty plea. (*Id.* at 23). On April 25, 2018, after the Court's acceptance of his guilty plea, Mullins was convicted of violating 18 U.S.C. § 2251(a) and (e). (*Id.* at 38).

Following Mullins's conviction, a presentence investigation report ("PSR") was prepared by a United States Probation Officer. (ECF No. 26). The PSR repeated the Stipulation of Facts from the plea agreement and included other information about Mullins's relevant personal and criminal history. (*Id.*). At his sentencing hearing, Mullins, through counsel, made eight objections to the PSR. (ECF No. 54-10 at 5). He asked that the PSR be amended to reflect that there were no allegations of physical abuse (overruled), (*Id.* at 5, 8), as well as some aspects of the conditions of supervised release. (*Id.* at 9). Mullins again testified that he was completely satisfied with the legal representation he received. (*Id.* at 9). The Court explained the sentencing factors relevant to Mullins's crime under 18 U.S.C. § 3553(a) and the applicable United States Sentencing

3

Guideline (USSG) at § 2G2.1 . (ECF No. 54-10 at 11–14). Some aspects of Mullins's crime, such as the age of his victims, increased his exposure to penalty under the USSG while others, such as Mullins's acceptance of responsibility by pleading guilty and "truthfully admitting the conduct comprising [his] offense," allowed for a sentence reduction. (*Id.* at 11–12). Relying on the undisputed evidence in the PSR, this Court found that Mullins's conduct established a "pattern of activity involving prohibited sexual conduct," over Mullins's counsel's objections. (*Id.* at 12). On October 11, 2018, Mullins was sentenced to 360 months of imprisonment, to be followed by a lifetime of supervised release. (ECF No. 23).

### *C. Appeal to United States Court of Appeals for the Fourth Circuit*

Represented again by Mr. Bungard, Mullins appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 27). In his 49-page appellate brief, Mullins challenged the District Court's imposition of a special condition of supervised release in the written judgment that was not imposed at the sentencing hearing; he argued that the District Court abused its discretion in imposing special conditions for supervised release; and he claimed that Mullins's 360-month sentence was substantively unreasonable. (ECF No. 54-12 at 5–6). On April 4, 2019, the Fourth Circuit granted the Government's motion to dismiss on the basis that, as part of the plea agreement, Mullins had waived his right to appeal the issues raised. (ECF Nos. 37, 38).

### *D. Motion under 28 U.S.C. § 2255*

On October 15, 2019, Mullins filed the instant motion under 28 U.S.C. § 2255, stating nine grounds for relief and arguing that his constitutional rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments were violated as a result of

4

ineffective assistance of counsel. (ECF No. 43 at 4–13). In addition, Mullins asserts that his Fifth Amendment right to a fair and impartial trial was violated due to judicial misconduct. (*Id.* at 13). In a 47-page memorandum in support of his § 2255 motion, Mullins repeatedly states that his counsel was ineffective when he advised Mullins to accept the single-count plea agreement offered by the Government, rather than proceed to trial, and by falsely stating that if Mullins did not plead guilty, he would face a life sentence. (ECF No. 44 at 12, 16, 19). Mullins further asserts that counsel was ineffective by failing to object to the District Court's "biased, prejudiced & cruel behavior" when setting his sentence. (*Id.* at 30). Mullins contends that his counsel's deficiencies amounted to an abandonment of his defense, (ECF No. 44 at 17), and believes that his counsel was in fact "working on behalf of the government." (*Id.* at 25). Mullins asserts that his equal protection rights were violated because he did not get the same quality of representation as a similarly situated criminal defendant. (*Id.* at 27). Furthermore, he challenges the application of sentence enhancements indicating a pattern of criminal conduct, claiming that the District Court "decide[d] [he] was guilty of other actions not charged or raised by the government." (*Id.* at 29). Mullins likewise claims that his counsel on appeal, the same attorney who represented him before the District Court, was ineffective because appellate counsel did not argue that trial counsel rendered ineffective assistance due to a "conflict of interest" (namely, being the same person). (*Id.* at 12, ECF No. 44 at 40). He asserts also that the District Court showed "bias and prejudice against the defendant" during his sentencing hearing, based on "inflammatory" statements which referred to Mullins's conduct as "abhorrent" and alluded to "the seriousness of this offense." (ECF No. 44 at 10).

In opposition to Mullins's motion, Respondent relies primarily on the sworn

5

affidavit submitted by Mullins's counsel. (ECF Nos. 54, 57). Respondent contends that Mullins was not prejudiced by his counsel's advice to take the plea agreement and disputes Mullins's calculation of his potential sentence under the original indictment. (ECF No. 57 at 14). Respondent notes that according to Mullins's counsel, if convicted on the five counts in the original indictment, rather than the single count in the information, Mullins would have faced a maximum term of imprisonment of 120 years. (*Id.* at 9). Mullins's counsel was aware that the Government was preparing to seek a superseding indictment, which would have included three additional counts of production of child pornography, exposing Mullins to the risk of an additional 90 years imprisonment. (*Id.* at 10). Regardless, Respondent observes, the charges in the original indictment alone would have exposed Mullins to more prison time than he received under the plea agreement. (*Id.* at 18). Respondent highlights Mullins's counsel's explanation of the strategic advantage of the plea agreement; namely, that Mullins was in a better position to ask for a downward variance by accepting responsibility for his actions and pleading guilty. (*Id.* at 11). Respondent further asserts that Mullins's counsel "thoroughly explained the plea offered by the United States and its benefits." (*Id.* at 10). Respondent points out that the evidence relied upon by the District Court to assess Mullins's sentencing score under the guidelines included the Stipulation of Facts in the plea agreement, which included Mullins's admission that he produced child pornography on two separate occasions, as well as the forensic report showing that he possessed other child pornography. (*Id.* at 21–22). Therefore, Respondent concludes, Mullins's counsel was not deficient by declining to object to application of the pattern of conduct enhancement because there was "no non-frivolous basis to object to consideration of this evidence, and there was no prejudice to defendant in its being considered." (*Id.* at 22).

In accord with its assessment of Mullins's counsel at the District Court level, Respondent maintains that Mullins's counsel's failure to raise an ineffective assistance of counsel claim on direct appeal did not render counsel's performance deficient because the record did not support such a claim. (*Id.* at 22–23). Finally, Respondent maintains that because Mullins, in his plea agreement, waived his right to collaterally attack on any grounds but ineffective assistance of counsel, his argument concerning judicial misconduct and bias are barred from review. (*Id.* at 23–24).

Citing difficulty in preparing his filings because of his lack of legal training and institutional restrictions at the prison in response to COVID-19, Mullins thrice sought, and received, an extension of the deadline in which to reply to Respondent's arguments. (ECF Nos. 61, 63, 64, 65, 67). In total, Mullins was given nearly five months to reply. His deadline has since elapsed without a reply.

## II. **Standard of Review**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ.A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Consistent with the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the

motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him to relief, the court may deny the motion without an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970). Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### III. Discussion

Mullins alleges that his legal representation was deficient at the District Court, as well as on appeal to the Fourth Circuit. In addition, he alleges that he was prejudiced due to judicial misconduct. Mullins's arguments supporting these grounds for relief are discussed separately.

#### A. Ineffective Assistance of Counsel

Mullins bases his § 2255 petition on nine grounds, eight of which pertain to his contention that he was denied various constitutional protections as a result of ineffective assistance of counsel at both the District Court and the Fourth Circuit. Notwithstanding Mullins's attempt to frame these as separate grounds—including due process and equal protection violations—his claims must be considered together, because they share the same factual and legal foundation; that being, counsel's alleged ineffectiveness. Claims of ineffective assistance of counsel assert violations of the Sixth Amendment to the United

8

States Constitution, which guarantees every criminal defendant "the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id* at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). Counsel's performance should be assessed with "a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Wiggins v. Smith,* 539 U.S. 510, 523 (2003). A counsel's trial strategy devised after investigating the law and facts is "virtually unchallengeable." *Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995). Moreover, the reviewing court should not allow hindsight to alter its assessment of counsel's performance. *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight."). Put simply, the inquiry under *Strickland* is "whether an attorney's representation amounted to *incompetence* under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011) (emphasis added).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance in the context of a guilty plea, a "petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner's "subjective preferences … are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). In order to demonstrate prejudice, therefore, a petitioner "must convince [the court] that the decision to go to trial 'would have been rational under the circumstances.'" *Dyess*, 730 F.3d at 361 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

The *Strickland* standard applies to both trial and appellate counsel, although the factual bases for Mullins's arguments are distinct between the two proceedings.

### *1. Ineffective Assistance of Trial Counsel*

Mullins pleaded guilty to the production of child pornography charge contained in the information. In the context of a guilty plea, the Court considers whether the plea was constitutionally valid despite the alleged ineffective assistance. The standard for determining whether a guilty plea is constitutionally valid is whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970). When considering this standard, courts should look to the totality of the circumstances surrounding the guilty plea. *Burket*, 208 F.3d at 190. Where a petitioner "alleges that ineffective assistance

10

of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea." *United States v. Holbrook*, 613 F. Supp. 2d 745, 761 (W.D. Va. 2009); *see also Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). However, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

Mullins claims that his counsel was ineffective because he advised Mullins to enter into a plea agreement wherein he pled guilty to a single-count information, rather than going to trial on his original five-count indictment, which, according to Mullins, carried a lower sentence. (ECF No. 44 at 16–17). As Respondent explains with support from the record, if Mullins had gone to trial and been found guilty of the original charges brought against him, he would have faced significantly more prison time than the sentence he received following his guilty plea. (ECF No. 57 at 14– 16). The original indictment alleged violations of 18 U.S.C. § § 2251 (d) and (e) and 2252A (a) and (b) related to distribution and advertisement of child pornography. (ECF No. 57-1). As Mullins's counsel, Mr. Bungard, explained in his affidavit, the applicable sentencing guidelines for the five counts carried a statutory maximum penalty of 120 years' imprisonment. (ECF No. 54 at 10).

Moreover, a key fact Mullins fails to address in his § 2255 motion is that *after* the

11

issuance of the indictment, the Department of Homeland Security completed its forensic investigation of Mullins's smart phone, revealing that some of the child pornography distributed by Mullins had in fact been produced by him as well. (ECF Nos. 54 at 10, 54-5). Therefore, the Government's attorney advised Mullins's counsel that it would seek a superseding indictment, adding three counts for production of child pornography. (ECF No. 54 at 11). The evidence supporting indictment for production is especially damning, as the toddler whose abuse is depicted in the images produced by Mullins is readily identifiable as Mullins's relative, and Mullins freely admits and boasts within the chat logs obtained by the Government that his own genitalia are visible in the photograph. (*Id.* at 10). The background of the images makes it obvious that they were produced at Mullins's home in South Charleston, and Mullins's ex-wife confirmed the identity of the toddler depicted and recognized the bedding in the images as belonging to Mullins. (*Id.* at 10, 13).

Compared to Mullins's original indictment for distribution and advertisement, production of child pornography carries a much higher sentence. The mandatory minimum sentence for a single violation of 18 U.S.C. 2251(a) is 15 years and is capped at 30 years. 18 U.S.C. 2251(e). The Government proposed that Mullins plead guilty to just one count of production rather than face indictment on three counts, and in exchange the Government agreed to dismiss the charges under the original indictment and to forego a superseding indictment charging the remaining two counts of production. (ECF No. 54 at 11). Mullins's counsel testifies that he fully informed Mullins of the developments in the Government's case against him, including the Government's proposal for a plea agreement. (*Id.*). This testimony is not credibly refuted.

The advantages of the plea agreement for Mullins are apparent, especially considering the weight of the evidence against him. By accepting the Government's plea

offer, Mullins's sentence exposure was limited by the statutory maximum sentence for that offense—30 years. This is clearly preferable to the *minimum* 45 years of imprisonment Mullins faced if he were found guilty of three counts of production. In addition to the overwhelming forensic evidence, in the plea agreement's Stipulation of Facts, Mullins admits to the underlying conduct that would support indictment for the other counts of production, and he later testified under oath at his plea hearing, acknowledging the same conduct. (ECF Nos. 54-7 at 13–15; 54-9 at 20–23). It did not fall below an objective standard of reasonableness—and in fact was squarely within reason—for Mullins's counsel to recommend that Mullins accept the plea agreement.

The options available to Mullins, as explained by his counsel, did not include any easy paths, but the reason he is now serving a 30-year sentence is not because of any deficiency or poor advice from his counsel, but because that is the punishment prescribed by the statute for the crime to which Mullins voluntarily and knowingly pleaded guilty. Far from an abandonment of his defense, as Mullins alleges, (ECF No. 44 at 17), his counsel's advice was shrewd and constituted reasonable professional assistance, which Mullins was free to accept or reject. Accordingly, the undersigned **FINDS** that this claim by Mullins does not satisfy either prong of the *Strickland* test, and that no deficiency in his counsel's performance affected the voluntary and knowing nature of his guilty plea.

Mullins further asserts that his counsel's failure to object to the District Court's use of factual evidence at sentencing rendered his assistance ineffective. (ECF No. 44 at 37). He points to the District Court's sentencing enhancement based on a "pattern of behavior," contending that there was "no evidence that Petitioner had taken pictures on different occasions, nor any other sexual exploitation of a minor." (*Id*. at 38).

A sentencing court "may consider uncharged and acquitted conduct in determining

13

a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009). Used here, the phrase "preponderance of the evidence" refers not to a type of evidence, but the burden on the proponent to prove a fact's truth. This standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir.2010) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)). In other words, the District Court was free at sentencing to rely on facts that the evidence showed were more likely to be true than not true.

The District Court relied on the Stipulation of Facts provided by Mullins in the PSR and the statements he made under oath in open court when assessing his sentence under the USSG. (ECF No. 54-10 at 42). Under §4B1.5(b) of the USSG, a person convicted of Mullins's crime who "engaged in a pattern of activity involving prohibited sexual conduct" is subject to an upward variance in the advisory score, exposing the convict to a potentially higher sentence. Mullins claims that he was found to have been engaged in a pattern of behavior despite there being "no evidence" to support that finding. (ECF No. 44 at 38). However, the PSR and Mullins's own testimony show that he produced child pornography on more than one occasion. (ECF No. 54-7 at 14). The testimony Mullins provided under oath is proper evidence, and Mullins's counsel was not deficient in declining to object to its use during the sentencing phase of Mullins's case. Indeed, objecting to the evidence would have been frivolous.

Furthermore, Mullins's counsel *did* object, strenuously, to the application of the pattern of behavior enhancement in both his sentencing memorandum and statements before the District Court at the sentencing hearing. (ECF Nos. 19 at 9, 54-10 at 33–34).

14

While Respondent correctly points out that Mullins's "advisory guideline range would have been the same even without the application of that enhancement," (ECF No. 57 at 21), it is worth noting that Mullins's critique of his counsel's performance has no basis in the record.

Mullins also contends, with no support, that he believes his counsel was in fact working on behalf of the Government to coerce him to "sign a plea bargain that was not in his best interest." (ECF No. 44 at 25). As explained above, the plea agreement provided substantial advantage to Mullins in the face of the charges against him and the supporting evidence. As there is nothing in the record tending to demonstrate that Mullins's counsel improperly colluded with the Government, and further, no indication that counsel's cooperation with the Government to secure a favorable plea agreement for Mullins destroyed the knowing and voluntary nature of his plea, this contention is without merit.

Throughout his filings, Mullins complains that he did not receive a "fair and impartial" trial. Mullins ignores the fact that he knowingly and intentionally waived his right to a trial as part of the plea agreement. After inquiring of both Mullins and Bungard, the District Court found Mullins to be competent and capable of entering an informed plea. (ECF No. 34 at 5). The terms of the plea agreement were reviewed in detail with Mullins, and he acknowledged his understanding of the terms. (*Id*. at 6-10). When asked why Mullins believed he was guilty of the crime charged, he explained that he had posed a two-year-old child in a sexually explicit manner, took pictures of her, and then shared the pictures with others over the internet. (*Id*. at 17-19). The District Court explicitly advised Mullins of the potential sentence associated with the crime of conviction. (*Id*. at 23). When asked by the Court, Mullins confirmed his understanding that he was waiving his right to a public and speedy trial by jury and his right to collaterally attack his

15

conviction and sentence, except on the ground of ineffective assistance of counsel. (ECF No. 34 at 29, 32-35). Even after the Court had reviewed all of the rights Mullins would lose by pleading guilty, he expressed his desire to enter that plea, and affirmed that his decision was made voluntarily and of his own free will, in the absence of force, coercion, intimidation, or inducement. (*Id.* at 36).

Accordingly, the undersigned **FINDS** that Mullins's counsel's performance at the District Court was not constitutionally deficient and that Mullins voluntarily entered into the plea agreement after being advised of all of the consequences attendant to a guilty plea. Thus, this ground for relief is without merit.

### *2. Ineffective Assistance of Appellate Counsel*

Mullins argues that his counsel was ineffective on appeal to the Fourth Circuit. (ECF No. 44 at 40). Mullins claims his appellate counsel was deficient, because counsel failed to argue that trial counsel was ineffective. (*Id.*). According to Mullins, an effective lawyer would have raised trial counsel's deficiencies; however, because his trial and appellate counsel were the same person, there was a conflict of interest that prevented appellate counsel from raising this claim. (*Id.*).

This ground for relief is unavailing. Appellate attorneys are not ineffective when they fail to raise meritless claims on appeal. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (citing *United States v. Benton*, 523 F.3d 424, 435 (4th Cir.2008)). Because the alleged ineffectiveness of trial counsel is not apparent from the face of the record, such a claim is properly be raised via a § 2255 motion. Mullins alleges ineffective assistance of trial counsel in the instant action, and that claim has been heard. As such, the failure to raise such a claim on

16

appeal is of no consequence or prejudice. In any event, an examination of the record, as shown above, confirms that Mullins's trial counsel was constitutionally adequate.

As Mullins has failed to meet his burden under *Strickland*, the undersigned **FINDS** that the performance of Mullins's appellate counsel was not constitutionally deficient, and this ground for relief is also without merit.

### *B. Bias and Prejudice of the District Court*

Mullins claims that his due process rights were violated, rendering his conviction invalid, due to the bias and prejudice of the District Court, evinced in the District Judge's characterization of Mullins's behavior as "abhorrent." (ECF No. 44 at 10). Respondent correctly notes that, as part of his plea agreement, Mullins waived his right to challenge his conviction on any ground other than ineffective assistance of counsel. (ECF Nos. 31 at 7–8; 57 at 23–24). The Fourth Circuit has already found that the waiver provision in Mullins's plea agreement was accepted by him knowingly and voluntarily. (ECF No. 37). Therefore, Mullins's attempt to collaterally attack his conviction based on the alleged bias of the District Court at sentencing is unavailing, and the undersigned **FINDS** that this ground for relief is without merit.

Given that Mullins asserts no meritorious ground for relief under § 2255, his Motion should be denied and his case should be dismissed with prejudice.

### IV. <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the presiding district judge confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 18), be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED:** September 25, 2020

Cheryl A. Eifert
United States Magistrate Judge